L. SCHREIBER & SONS CO. v. GRIMM et al.

(Circuit Court of Appeals, Sixth Circuit. March 3, 1896.)

No. 299.

1. PATENTS—INVENTION—APPLICATION OF OLD DEVICE.

The use of a ball and socket joint between the saddle and seat of a cask support, so as to enable the saddle to rock laterally and longitudinally, and thereby adjust itself to the surface of the cask, is a mere application of mechanical skill, and not such an extension of an old contrivance into a new and remote field of usefulness as rises to the dignity of invention. 65 Fed. 220, affirmed. Potts v. Creager, 155 U. S. 597, 15 Sup. Ct. 194, and Electric Co. v. La Rue, 139 U. S. 601, 11 Sup. Ct. 670, distinguished.

2. SAME—DIFFERENT FORMS OF INVENTION.

Where the drawings and specifications show two different forms of the invention, but the parts are numbered alike in both, and are designated in the claims by reference numbers, without distinction, it must be held that the difference is immaterial, and that either form answers the requirements of the invention.

3. SAME—CASK SUPPORTS.

The Schreiber patent, No. 396,372, for an improvement in cask supports, is void for want of invention. 65 Fed. 220, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

This is a suit by bill in equity, instituted by the above-named appellant, to obtain an injunction against the infringement of letters patent No. 396,372, issued to Charles C. Schreiber, January 15, 1889, for a supposed new and useful improvement in cask supports. The object of the invention covered by the patent was "to provide a support for heavy casks or barrels that is strong, durable, and readily adjustable to any sized cask." The means proposed by the inventor were: (1) A beam running crosswise under the cask, and near the end of it, and resting upon chairs or benches which stand upon

the floor. Ways are constructed lengthwise of the beam upon the upper surface. (2) Two shoes mounted upon the beam, which are adapted, at the lower surface, to move along the ways above mentioned. Provision is made by projecting flanges for holding the shoes to the beam while moving along the ways or when at rest. The shoes respectively stand, when in use, under each side of the cask, opposite each other. The upper faces of the shoes are inclined so as to make a general conformity to the surface of the barrel opposite. A depression is made in the face of the shoe in the form of a shallow socket, adapted to receive the ball or convex projection on the saddle next to be mentioned. (3) Saddles resting upon each of the shoes, the upper inclined surfaces of which are made in a concave circular form, so as to conform to the circle of the cask which rests upon it. There is a projection upon the bottom of the saddle, which is round or nearly so, like the side of a ball; and this projection, being placed in the socket above mentioned, makes, with the latter, a joint which allows the saddle to rock, and to so adjust its surface to the cask that the latter shall rest centrally and evenly upon it. (4) A tie rod resting on the beam between the ways, having hooks at each end turned upwardly, which catch behind teeth on the under surface of the shoe provided for that purpose. Thus, the shoes are prevented from spreading under the burden of the cask. One set of the apparatus above described is set under each end of the cask. All the parts of the support are made of iron. Some change has been made by the complainants, who are the owners of

the patent, in the supports for the shoes, but that is in regard to a part of the construction not now involved. Six claims are founded upon the specifications. The sixth is the one of which the complainant alleges the infringement. It is as follows: "(6) In a cask support, the shoe 3, provided with a concave seat in combination with the self-adjusting saddle 10, supported in said seat, substantially as specified." The defendants set up several defenses, among them that Schreiber was not "the original and first inventor of the said alleged invention shown." A great number of former patents and publications were set forth in the answer in support of that defense. They were not put in evidence, however. Another defense was that there was no invention shown or discovered in the patent. The court below was of the opinion that the latter defense was well taken, and dismissed the bill. 65 Fed. 220. The complainants bring the case here on appeal.

E. E. Wood, for appellants.

Jas. Moore, for appellees.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

SEVERENS, District Judge, having made the foregoing statement of the case, delivered the opinion of the court.

The controversy between these parties turns upon the question whether patentable invention is shown by the device of the combination covered by the sixth claim of the complainants' patent. That claim is for a combination in a cask support of a shoe having a concave seat, with a self-adjusting saddle, supported by the seat, both constructed substantially as specified. For while some effort has been made, upon the employment of the word "saddles" in this claim, to construe it widely enough to include the co-operative relation of this combination with a duplicate thereof by means of other elements not mentioned in the claim, we think it clear that it was not intended by the patentee to make the claim so broad. Nor would its language justify such an extension. The "shoe" is mentioned in the singular number, which balances the effect of the word "saddles" in the plural; and, what is quite significant in this regard, the previous claims spread over the various elements in the construction of the entire cask support in combinations and in their relation and co-operation with each other. It is obvious that the duplication of the structure devised for the support of one end of the cask, for the purpose of supporting the other end, would not be invention. Whether the combination shown in this particular claim, when used with a duplicate of itself in combination with other elements not stated, would exhibit a patentable invention or not, we need not determine.

The question for our inquiry is reduced to the one stated; that is to say, whether the combination of the seat and saddle, for the purpose mentioned, shows such invention as entitles the complainant to the monopoly accorded by the patent laws. And we agree with the learned judge who decided the case at the circuit in his conclusion that it does not. Much of the argument of the counsel for the appellant devoted to the purpose of demonstrating the novelty and utility of the device of this claim is founded upon the assumption that we are to take into account the co-relation of this part of the cask support with the other parts, and estimate the invention by the function it performs in combination and co-operation with such other

parts,—a proposition which, as we have already explained, we think cannot be supported. Substantially, this combination is nothing more than the ball and socket joint, a very old mechanical contrivance, employed in the anatomy of the animal creation and innumerable compositions of mechanism in human art. But it is urged, and it appears to us to be the most plausible contention that can be advanced for the appellants, that there was invention in carrying, with a small change in other instrumentalities, this old device to a new use. And the doctrine is invoked, of which the recent case of Potts v. Creager, 155 U. S. 597, 15 Sup. Ct. 194, is an important illustration, that there may be invention in extending into. a. new and comparatively remote field of usefulness an old contrivance with even slight changes, such as are called for by the requirements of the new use. This is the substance of the rule applied also in Electric Co. v. La Rue, 139 U. S. 601, 11 Sup. Ct. 670. In Potts v. Creager the patent was for a cylinder bearing steel bars set in grooves longitudinally along its surface, and slightly projecting therefrom, which, operating with an abutting roller, was used for disintegrating clay, and, by the peculiar shredding of that substance which it effected, proved a very useful piece of machinery. The cylinder which was brought forward as an anticipation of it was much like it in form, but the longitudinal bars were of glass, and it had been used for the polishing of wooden surfaces,—a use in which it failed after a short trial. The patent was sustained upon these two considerations: First, the change of the material of the bars to adapt them to the new use, a kind of insight which it was said was sometimes, though not always or generally, evidence of invention; but, secondly, and mainly, because the new use was so widely different and remote from the former one, which was special and limited, as to indicate an inventive discovery of means, rather than such an obvious transfer as would occur to a mere mechanic. Perhaps a more strictly accurate statement of the decision in that case would be to say that it was a conclusion drawn from the blending of both those two features of the patent, the discovery of the applicability of the old means to a widely different use, and the perception of the changes required to produce a new and useful result. In the case of Electric Co. v. La Rue the patent was for the combination of a torsional spring with the lever of a telegraph key pivoted upon it, and adjusting screws for regulating the movement. Flat springs had been used in similar combinations with telegraph keys, and torsional springs had been used in clocks and on doors; but it was held that the promotion of the old device of a torsional spring to a new office, in which it performed a new function (as it did in the operation of the key), with the provision of the necessary appliances, involved invention. But the present case is widely different from those. The ball and socket joint was a common construction, and was in universal use in mechanics wherever the requirements indicated its utility. In this instance the requirement was for a joint between the saddle and its seat, which would·permit the saddle to rock laterally and longitudinally, so as to permit the surface of the saddle to adjust itself to the surface of the casks. The ordinary hinge susceptible of only one of these movements would not

answer the purpose. It would seem that it would be obvious to a mechanic fairly skilled in his business to meet the requirement by interposing the ball and socket device. Again, no new appliances are here provided which affect the operation of the joint. That is perfect for all the functions that are required of it, and there is no new result substantially distinct in its nature. It is simply the case of an employment for a new use, and nothing more, and falls within the general doctrine of those cases in which it has been so many times held that the mere extension of a well-known device into another field of usefulness, where the transfer does not involve the faculty of inventive genius, will not support a patent. Tucker v. Spalding, 13 Wall. 453; Brown v. Piper, 91 U. S. 37; Ansonia Brass & Copper Co. v. Electrical Supply Co., 144 U. S. 11, 12 Sup. Ct. 601; Manufacturing Co. v. Cary, 147 U. S. 623, 13 Sup. Ct. 472,—where many of the previous cases are collected  In the case of Electric Co. v. La Rue, above cited, it was held upon that branch of the case relating to infringement that the use by the defendant of the complainant's torsional spring combination, in connection with the sounder, an instrument employed at the receiving office for the purpose of enunciating the message, was merely an employment for another use, and so was an infringement.

Since the combination of the sixth claim does not, as we think, produce any new mechanical result, the other cases cited by complainants' counsel upon the consequences resulting from devices which do produce them, with old elements modified, have no application. These are: Topliff v. Topliff, 145 U. S. 156, 12 Sup. Ct. 825; The Barbed Wire Patent, 143 U. S. 275, 12 Sup. Ct. 443, 450; Sessions v. Romadka, 145 U. S. 29, 12 Sup. Ct. 799.

Another point deserves attention. In figures 1 and 2 of the drawings, and which are referred to in the specifications, the concavity of the seat is prolonged up and down, and the convexity of the corresponding part of the saddle is suited thereto. This would admit of a sliding movement also, so that, in certain positions of the cask, it is said the ball member may slide in the socket until the surfaces of the cask and saddle come to coaptation. We infer that this feature was not deemed material, for the patentee in figure 3 shows his invention in the form of a ball and socket simply, without any modification such as is last mentioned, and in his specifications refers to this as one of the forms of his invention. In both forms the parts are numbered alike, and the claims refer to the number of the figures or their references in the specifications without distinction. In these circumstances, we must hold that the difference is not material, and that either form answers the requirements of the invention. Trimmer Co. v. Stevens, 137 U. S. 423, 435, 11 Sup. Ct. 150; Wells v. Curtis, 13 C. C. A. 494, 66 Fed. 318, 323. It is proper to add that the difference was not adverted to on the hearing; but, in the brief of the appellant, some parts of the discussion seem to refer to the capacity of the combination for such adaptations as are mentioned in the references of the specifications to the first two figures in the drawings; and for that reason we have given the matter due consideration.

We conclude the decree of the court below dismissing the bill should be affirmed. It is so ordered.