## CLEVELAND FAUCET CO. v. VULCAN BRASS CO.

### (Circuit Court, N. D. Ohio, E. D.   March 5, 1896.)

### No. 5,439.

1. PATENTS—INFRINGEMENT SUITS—DEMURRER TO BILL—JUDICIAL NOTICE.
   It seems that, where the question of the validity of the patent sued on is raised by demurrer to the bill, other patents referred to in the patent for the purpose of showing the extent and nature of the invention are not brought before the court, so as to require it to take judicial notice of what the inventions covered by those patents are, but that the court is restricted to what appears upon the face of the patent sued on, and that common knowledge in respect to the subject-matter which the well-informed public are presumed to possess.

2. SAME.
   On demurrer to the bill for want of patentability, the court is not at liberty to apply any special or peculiar knowledge which it may possess, or the skill possessed by experts, but may apply only that knowledge which is possessed by ordinarily well informed people. American Fibre-Chamois Co. v. Buckskin-Fibre Co., 72 Fed. 508, followed.

3. SAME—INVENTION—FORCE AND DRAIN FAUCETS.
   In a combination constituting an alleged improvement in force and drain faucets, there is no invention in merely bending the piston rod of the air pump inward towards the faucet, so that both may be carried through the same opening in the casing.

4. SAME.
   The Weatherhead patent, No. 353,723, for "improvements in force and drain faucets," *held* void on its face for want of patentable invention.

Banning & Banning, for complainants.

Webster, Angell & Cook and Hall & Fay, for respondents.

SEVERENS, District Judge. The complainants filed their bill in this case for the purpose of obtaining an injunction against the defendants, restricting them from their alleged infringement of patent No. 353,723, bearing date December 7, 1886, issued to Albert J. and Edward H. Weatherhead, for "improvements in force and drain faucets," and for further incidental relief.

The defendants demurred to the bill upon the grounds following:

"(1) That complainant hath not, in and by said bill, made or stated such a cause as entitles it to the relief prayed for.

"(2) That the patent in suit shows on its face that it is not for a new and useful invention, under the patent law.

"(3) That the subject-matter described in the specification shown in the drawings, and particularly pointed out in the claim, of the patent in suit, involved nothing that was not within the skill of the art.

"(4) That the means covered by the patent in suit were well known, within judicial knowledge,—in the described combination or in analogous combinations.

"(5) That the claim of the patent in suit describes a pure aggregation of elements, not a patentable combination."

It·is necessary, in the first place, to ascertain what materials are before the court for decision. It is contended by the counsel for the defendants that by the references in the complainants' patent to several other patents by number, for the purpose of showing the extent and nature of the invention, viz.: No. 328,651, to Class & Weatherhead, dated October 20, 1885; No. 328,887, to Class, Weatherhead & Collins, dated October 20, 1885; No. 214,531; No. 337,210; and No. 339,295,—all those patents are brought into this, and require the court to take judicial notice of what the inventions covered by those patents, respectively, were; but I greatly doubt whether that contention is maintainable, and am inclined to hold that upon this demurrer the court is restricted to what appears upon the face of the patent in question, and that common knowledge in respect to the subject-matter which the public are presumed to possess, and that what the patents referred to show is merely a matter of evidence to be brought upon the record in the usual way, and, when thus exhibited, may effect a limitation upon the scope of the patent by restricting the invention. It is not necessary for me to go at large into the reasons for this conclusion, in view of the result which I reach upon other grounds.

Upon another question raised by the counsel for the defendants, as to the extent of the matters of which the court may take judicial notice in passing upon the validity of the patent in suit, I accept as authoritative the test laid down by Taft, circuit judge, in delivering the opinion of the court of appeals for this circuit in the cases of American Fibre-Chamois Co. v. Buckskin-Fibre Co. and numerous other defendants (cases decided in February last), 72 Fed. 508, that this court, in disposing of a case upon demurrer to a bill founded upon a patent, is not at liberty to apply any special or peculiar knowledge which the court may possess, or to apply to the patent the skill possessed by experts, but may only apply that knowledge which is possessed by ordinarily well informed people; but, nevertheless, acting under the limitations of both the rules above stated, I think that this demurrer must be sustained upon matters appearing on the face of the patent itself. This patent was referred to upon the argument, and no question is made upon the question of reference to that for the purpose of decision.

In the specifications for the patent, the inventors claim to "have invented certain new and useful improvements in force and drain

faucets," and they state, further, that the invention relates to force and drain faucets, and is an improvement on the constructions shown in certain previously named patents; and they further state that they were aware of certain other named patents for combinations of a faucet body, pump, cylinder, piston rod, and spigot, as in patent No. 337,210, and a combined beer pump and faucet to be used in connection with an ice box as in patent No. 339,295. It is clearly implied from the references in the specifications of this patent, taken in connection with its own construction and professed purposes, that the pump in previous constructions was used for forcing air into a beer barrel, and thereby forcing the beer out, and that the faucet was for the purpose of giving it way out. All this clearly shows that, prior to this invention, combined air pumps and pistons had been in use, for the same general purpose as that covered by the claim of the patent now under consideration. The claim is for a faucet constructed substantially as described, and bored simply for the passage of fluid, in combination with an air pump side by side with it, having a piston rod bent inward towards the faucet, and a lever to operate the rod, whereby the apparatus may be used in connection with a beer barrel, and placed inside of a casing having but a single opening for the passage of the faucet and piston rod, side by side. This is substantially all there is of the claim. The usefulness of the invention, so far as it can be gathered from the specifications and claims, appears to consist in the provision for having but a single opening in a casing for faucet and piston rod, that being accomplished by bending the piston rod so that that portion of it which passes through the casing shall run parallel with, and close by the side of, the faucet. It is to be observed, in passing, that while in some parts of the specifications the lever which actuates the piston rod also actuates the piston cock, yet this last function appears not to have been deemed material, and must be held not to be so, for the reasons: First, that in the form shown by figure 6 in illustration of the invention, and referred to in the specifications as one of the forms thereof, the lever has no connection with the faucet whatever, but is pivoted upon the casing; and, secondly, the claim itself simply covers a lever to operate the said rod, as one of its elements. Busell Trimmer Co. v. Stevens, 137 U. S. 423, 435, 11 Sup. Ct. 150, and L. Schreiber & Sons Co. v. Grimm (lately decided in the circuit court of appeals for this circuit) 72 Fed. 671. Looking at the drawings, it is difficult to understand how the bringing of the piston rod down into close proximity to the faucet conduces in any way to effect the proposed object, viz. that of minimizing the opportunity for the passage of air through the casing. As shown, both are round, and it would seem that the airway would surely be as great with the two carried through in contact as it would be if separate apertures were made for each. But, waiving that, I am very clearly of the opinion that, if the opening in the casing could be lessened by bending the piston rod so as to carry it through the same open-

ing, there was no inventive genius displayed in doing it, and that it is nothing more than any mechanic, skilled in his business, and having the requirements before him, would have seen. The patentee does not claim for a bent piston rod, but only for a combination in which that is an element. It is indifferent whether the elements are new or old. Corn-Planter Patent, 23 Wall. 181, 224. This new combination of them is, as above stated, for the purpose of carrying them both through one opening in the casing.

Another position taken by counsel for the defendant is that, on reference to the form of construction shown by figure 6, the pump and the faucet are shown to be quite independent of each other, adapted to the performance of separate functions, and therefore constitute a mere aggregation. I do not decide this question, as I am able to decide the case upon the other ground.

Let an order be entered sustaining the demurrer, and dismissing the bill.