McCASKEY REGISTER CO. v. DIVENS.

(Circuit Court, W. D. Pennsylvania. August 11, 1910.)

No. 53.

PATENTS (§ 328*)—INFRINGEMENT—ACCOUNT-RECORDING APPLIANCES.

The McCaskey patent, No. 783,126, for account-recording appliances, in view of the prior art, must be limited to the new and precise devices shown in the drawings and described in the specification. As so construed, *held* not infringed.

In Equity. Suit by the McCaskey Register Company against John R. Divens. Decree for defendant.

Edward R. Alexander and John H. Roney, for complainant.
Bond & Miller and Clarence P. Byrnes, for defendant.

ORR, District Judge. Complainant alleges infringement by the defendant of letters patent of the United States No. 783,126, issued to Perry A. McCaskey on February 21, 1905, for improvements in credit account appliances, and now owned by the complainant. The defenses are invalidity and noninfringement. The evidence discloses that the patent is a late one in a crowded art. That the patentee was aware of this appears from the following quotation from his specification:

"This invention relates to systems for keeping records of credit sales of merchandise and also the cash payments thereon; and the invention has reference particularly to the apparatus and appliances for carrying out the systems. The objects are to improve credit systems that are carried out by means of duplicate account-slips or bills and bill-holders in lieu of regular sets of account-books, and to improve the various means employed for carrying out such systems as referred to above, so that the apparatus and appliances therefor may be conveniently handled and at the same time be inexpensive in first cost and economical in use. With the above-mentioned and other objects in view, the invention consists in improved apparatus and appliances whereby credit accounts may be recorded and kept, in the novel features of construction of the apparatus and appliances comprised in the means for carrying out the credit system, and in the novel combinations and arrangements of parts, as hereinafter particularly described and pointed out in the appended claims."

Out of the 22 claims of the patent the complainant has selected four which the defendant is charged with infringing. They are as follows:

"2. Account-recording appliances, including a frame and pivoted bill-holders provided with a yoke for temporarily preventing pivotal movements of the bill-holders relatively to the frame."

"13. Account-recording appliances, including pivoted bill-holders, bill-clamps mounted on the bill-holders, tab-holders attached to the bill-clamps near the free ends thereof, and index tabs mounted on the tab-holders."

"15. Account-recording appliances, including a bill-holder frame, bill-holders mounted on the frame and having pairs of apertures therein, bill-clamps mounted oppositely on both sides of the bill-holders and having members extending through the apertures to opposite sides thereof, and rubbing-strips on the bill-holders in pairs on opposing holders and co-operating one with another."

"22. In account-recording appliances, the combination, with a plurality of pivoted bill-holders, of a plurality of bill-clamps mounted on the holders, tab-holders attached to the bill-clamps, and index tabs attached to the tab-holders."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is difficult to find anything in the apparatus described in suit, either by way of combination or otherwise, which is essentially different from that found in prior patents. Such apparatus is simply a loose-leaf book set up in a cabinet. Upon the leaves are means such as clips for attaching the account slips (which are loose pieces of paper) thereto in divers spaces made by partition strips fastened to and made part of each side of each leaf. The book of leaves may be taken out of the cabinet and placed in a safe. The pivotal movement of the leaves may be prevented by using a yoke, a clasp, or some equivalent device. In the United States patent No. 634,713, issued to Yorger and West under date of October 10, 1899, there are hinged or pivotal leaves to which bills or accounts are fastened, set up in a cabinet. The "billing-leaves" as therein named, and the frame to which they are attached, may be removed from the cabinet. While that patent shows clips upon one side only of the leaves, yet the United States patent No. 661,710 issued to Braddock November 13, 1900, shows means for retaining the bills against the leaves by tape, band, or cord extending through holes in the leaves, and thus operating on both sides. In United States patent No. 708,230, issued to J. T. Huber September 2, 1902, there are shown wire clips extending through each leaf and operating on both sides to hold sales slips. Perry A. McCaskey was also named as patentee in United States patent No. 717,247, under date of December 30, 1902, for a credit-accounting appliance. It shows clamps with legs inserted in holes extending through the leaves or bill-holders. It shows also the partition strips or rubber strips, which like the clamps are only on one side of the leaf. Practically all that McCaskey accomplished in his later patent was the duplication of clamps and partition strips on opposite sides of the leaf. There are so many ways that the pivotal movement of the leaves can be prevented that it would prolong this opinion unreasonably to show all the yokes or clasps to be found in the prior art as shown by the evidence, which perform the same function as that of McCaskey. The yoke used by defendant is found in United States patent No. 639,031, issued to Hall December 12, 1899. Nor is it at all necessary to do more than say that the evidence is clear that it is old in the art to attach a tab or tab-holder to a wire loop or clip.

In view of the foregoing, it does not appear necessary to consider the claims in suit separately or at length. They must be limited to the new and precise devices as shown in the drawings and described in the specification. Boyd v. Janesville Hay Tool Co., 158 U. S. 260, 15 Sup. Ct. 837, 39 L. Ed. 973. It is not enough that there may be a duplication of parts (Burnham v. Union Mfg. Co., 110 Fed. 765, 49 C. C. A. 163), or a different arrangement of parts (Florsheim v. Schilling, 137 U. S. 64, 11 Sup. Ct. 20, 34 L. Ed. 574), even if there should be a better result (Union Co. v. Keith, 139 U. S. 530, 11 Sup. Ct. 621, 35 L. Ed. 261). Defendant's account register does not embody any features to be found in complainant's which are not found in the prior art. There is no infringement.

The bill should be dismissed. Let a decree be drawn.