## WHITEHEAD & HOAG CO. v. KORTZ.

(Circuit Court of Appeals, Sixth Circuit. March 13, 1914.)

### No. 2418.

PATENTS (§ 328*)—VALIDITY—LACK OF INVENTION.

The Hornich patent, No. 653,296, claim 1, for an advertising bill hook placard, *held* void for lack of patentable invention.

Appeal from the District Court of the United States for the Northern District of Ohio; William L. Day, Judge.

Bill in equity by the Whitehead & Hoag Company against Conrad J. Kortz. From a decree dismissing the bill, complainant appeals. Affirmed.

This was the usual infringement bill, based upon claim 1 of patent No. 653,296, issued July 10, 1900, to the Whitehead & Hoag Company, as assignee of William Hornich, Jr. It pertains to what is intended essentially as an advertising device. There is a flat card designed to hang upon the wall and carry a calendar or analogous article in connection with advertising matter. To make this of additional permanent value, it carries suspended therefrom a bill hook, intended to receive and hold papers that may be placed thereon. When in use this bill hook should project from the wall in a plane at right angles to the wall; but this position would make the article difficult to pack in quantities or send by mail in an envelope, and so for transportation the hook should be turned in a plane parallel with that of the advertising card, and should be raised so as not to project beyond the sides of the card. To accomplish this result the shaft of the hook is slidably and rotatably attached to the rear of the card. This is done by securing to the back of the card a

metal plate, which plate is provided with a vertical channel or groove, struck up away from the card, and so shaped as to carry between the plate and the card the shaft of the hook and permit it to slide and rotate. The upper end of the shaft is turned over to form a small hook in a plane at right angles with the receiving hook at the lower end. The plate is provided with a socket alongside the main groove suitable to receive this upper hook. By these means it is possible that the hook may be shoved up, and laid flat against the back of the card, and within its borders, when the card is put in an envelope, and then, when the card is to be hung, the receiving hook is given a one-quarter turn to the front, the shaft is drawn down, and the hook on the upper end enters its socket, thus locking the shaft against rotation and insuring that the bill hook projects outwardly from the wall.

The only claim sued upon is the first, reading:

"1. As a new article of manufacture, a bill hook, comprising a card or placard, a plate secured thereto, said plate having a grooved or channeled portion, extending in a direction away from said card or placard, a wire body portion arranged in said grooved or channeled portion and movable vertically and rotatable between said card or placard and the inner part of said grooved or channeled portion, a receiving hook at the lower portion of said wire, adapted to be turned so as to lie flat in relation to said card or placard and the plate, and a holding means at the opposite end of said wire adapted to be forced in holding engagement with a part of the said plate when the receiving hook on said wire has been turned in a plane at right angles to the plane of the card or placard and that of the plate, substantially as and for the purposes set forth."

The District Court dismissed the bill, finding that there was no infringement, and complainant appealed.

E. A. Thompson and Howard P. Denison, both of Syracuse, N. Y. (W. A. Jones, of New York City, of counsel), for appellant.

M. G. Norton, of Cleveland, Ohio, for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and COCHRAN, District Judge.

DENISON, Circuit Judge (after stating the facts as above). Without considering the question of infringement or the defense of aggregation, we are satisfied that the claim sued upon is invalid for lack of invention. The structure recited in the claim is merely the application to a holding card and bill hook of the common mechanical expedient by which a slidable and rotatable shaft may at one end of its sliding movement be locked in any desired position of rotation by engagement between a projection carried by the shaft and independently carried means for engaging the shaft projection. Whether we should take judicial notice that this mechanical idea is in common use, or whether there might be invention in first applying the idea to the card and bill hook combination, we need not consider, because the record shows earlier applications of the same idea to the same combination.

The patent to Studabaker, No. 615,921, of December 13, 1898, shows, except in the particulars to be stated, the same combination, to be used in the same way, to accomplish the same results. See discussion of the Studabaker patent, and of the prior art, by Judge Hazel in Whitehead v. Bastian (C. C.) 167 Fed. 565. Studabaker shows several forms; between one of them, his Figure 3, and Hornich, as illustrated by his Figure 5, the differences are two: The top of the shaft, instead of being bent to form a hook, is bent to form an eye; and in-

stead of the hook dropping into a socket in the plate, the eye is held by the plate itself against rotation. The differences are made clear by these drawings:

Studabaker's Fig. 3.                    Hornich's Fig. 5.

This being the field into which Hornich came, we cannot think that it involved invention to change the Studabaker eye into a hook and to provide a receiving socket for the hook. The hook and the eye are alike mere offsets from the shaft; the contact between the eye and plate, and between hook and socket, alike form engaging means to resist rotation. Hornich's locking effect is very likely more perfect; but it is at best only a slight improvement, and by simple and obvious means. Galvin v. Grand Rapids (C. C. A. 6) 115 Fed. 511, 517, 53 C. C. A. 165; American Carriage Co. v. Wyeth (C. C. A. 6) 139 Fed. 389, 391, 71 C. C. A. 485; Macomber, § 654.

The decree of the District Court is affirmed, with costs.