### McCASKEY REGISTER CO. v. DIVENS.

(Circuit Court of Appeals, Third Circuit. March 28, 1912.)

No. 1,509.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—ACCOUNT RECORDING APPLIANCES.

The McCaskey patent, No. 783,126, for a credit accounting appliance, consisting of apparatus and appliances for carrying out a system for keeping records of credit sales and of payments made thereon, in view of the prior art must be narrowly construed and practically confined to its exact disclosures without the benefit of the doctrine of equivalents. As so construed, *held* not infringed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

Suit in equity by the McCaskey Register Company against John R. Divens. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 181 Fed. 171.

Melville Church (John H. Roney and Edward R. Alexander, on the brief), for appellant.

Clarence P. Byrnes (F. W. Bond, on the brief), for appellee.

Before GRAY and BUFFINGTON, Circuit Judges, and CROSS, District Judge.

CROSS, District Judge. In the court below the appellant was complainant in a suit instituted against the appellee and defendant for an alleged infringement of patent No. 783,126, issued February 21, 1905, to one P. A. McCaskey, which had been duly assigned by him to the complainant. The Circuit Court, finding that the defendant had not infringed the patent, dismissed the bill of complaint with costs. Although there are 22 claims in the patent, Nos. 2, 13, 15, and 22 only are in suit, and to them reference will later be made. The patent is for a "credit accounting appliance," and the patentee in his specification described it in general terms as follows:

"This invention relates to systems for keeping records of credit sales of merchandise and also the cash payments thereon; and the invention has reference particularly to the apparatus and appliances for carrying out the systems.

"The objects are to improve credit systems that are carried out by means of duplicate account slips or bills and bill holders in lieu of regular sets of account books, and to improve the various means employed for carrying out such systems as referred to above, so that the apparatus and appliances therefor may be conveniently handled and at the same time be inexpensive in first cost and economical in use.

"With the above-mentioned and other objects in view, the invention consists in improved apparatus and appliances whereby credit accounts may be recorded and kept, in the novel features of construction of the apparatus and appliances comprised in the means for carrying out the credit system, and in the novel combinations and arrangements of parts, as hereinafter particularly described, and pointed out in the appended claims."

It should be noted that the patent relates only to the apparatus and appliances for carrying out a system for keeping records of credit sales and of payments made thereon, and does not in any wise embrace the system itself, for, although McCaskey sought to have his patent include the system, his application therefor was denied. Briefly described, the apparatus consists of a loose-leaf book having the metal leaves pivotally attached to a base and mounted in a cabinet. Upon both sides of the leaves are spring clips for attaching and holding the account slips. The clips are arranged in rows or columns in spaces separated from each other by strips of wood or partitions, which are the rubbing strips of claim 15 of the patent. The leaves attached to the base are removable from the cabinet for the purpose of being placed in a safe or elsewhere as desired, and in order to prevent the leaves of the book from opening when thus removed, the bill

holder frame is provided with a yoke which clamps and holds the leaves securely. There are a number of patents in the prior art which disclose in combination substantially all that is shown by the patent in suit. It is not, however, deemed necessary to consider them in detail, since this was sufficiently done by the court below. Accordingly, reference will be made to but one, that of McCaskey, No. 717,247, issued December 30, 1902, but little more than two years prior to the patent in suit. This earlier patent of McCaskey discloses in combination substantially all that the patent in suit discloses. The essential particulars in which his later patent differs from his earlier are that in the patent in suit he put clips, tab holders, index tabs, and rubbing strips on the back as well as on the front of his leaves, and changed the location of his tab holders on the wire clips, from their former position on the upper end of the clips to one more central. There was nothing new, however, in putting clips and tab holders on both sides of the leaves; it is clearly shown in the prior art and was merely a mechanical duplication of parts, which did not involve invention. The same is true of the position of the tab holders on the clips; for whether they be located thereon at the upper or lower ends, or in the middle, is largely a matter of convenience. Their function would be the same. Hence if in practical use it were found more convenient, or less obstructive, to locate them at one point than at another, the requisite change in their location would immediately be suggested to the user, while the means involved in making it would be of the most simple and obvious mechanical character. What was said above with reference to putting the clips and tab holders on both sides of the leaves may also be said of a similar disposition of the rubbing strips, which are in reality little more than partitions, intended to keep the account slips apart and in columns. Moreover, they were shown in the McCaskey earlier patent, on one side of the leaf, and the placing of them on the reverse side did not involve invention.

From what has been said, it is obvious that the patent is a very narrow one, and that, if it is sustained, it must be narrowly construed and practically confined to its exact disclosures. No broad construction is permissible, nor can the doctrine of equivalents be applied without encountering the prior art and destroying the patent. Thus construed, the defendant has not infringed it. The feature of claim 2 is the provision of a yoke for temporarily preventing pivotal movements of the bill holders or leaves relatively to the frame. The claim is broad enough to cover any kind of a yoke, but so many kinds appear in the prior art or in general use that almost any kind was open to adoption. McCaskey chose one form and must abide by his selection. The defendant's device shows a yoke which in structure and location is so different from the complainant's that, under the circumstances, it cannot be held to infringe it. The complainant's yoke, applied to the defendant's device, would be inoperative. Claims 13 and 22, with other elements in combination, provide for bill clamps mounted on the bill holders, tab holders attached to the bill clamps, and index tabs mounted on, or attached to, the tab holders. The only difference between the two claims lies in the fact that in claim 13 the

tab holders are required to be attached to the bill clamps "near the free ends thereof." The specific features of both claims are the introduction of the elements of tab holders and index tabs. McCaskey's earlier patent shows similar indexing devices, but somewhat differently located. The claims under consideration must be restricted to their expressed terms, as explained by the drawings and specification. The complainant is limited to what is shown and claimed. The defendant has neither tab holders nor index tabs within the meaning of these claims. We have no hesitancy in holding, under the circumstances, that the defendant's device does not infringe them.

Claim 15 calls, in addition to other elements, for bill holders mounted on the frame and having pairs of apertures therein, bill clamps mounted oppositely on both sides of the bill holders and having members extending through the apertures to opposite sides thereof, and rubbing strips on the bill holders in pairs on opposing holders and cooperating one with another. As already stated, rubbing strips or partitions were old in the art, and while the defendant's device shows similar strips, they do not in his case perform the function of those of the patent in suit. In that patent, when the leaves are removed from the cabinet and clamped together for removal to a safe or elsewhere, the leaves in the process of adjustment necessarily slip one over the other for a space of about four inches, and the rubbing strips perform the function during that operation of keeping the account slips in place. On the contrary, the defendant's leaves, on being removed and clamped together for the purpose mentioned, do not, or not to any material extent, slip or rub one over the other, for the reason that the leaves of the defendant's device are pivoted to the frame on a common axis, that is to say, on a single rod extending along the front of the frame; whereas, the complainant's are pivoted to the frame by separate rods and move on different axes which causes them to slip or rub against each other, as above mentioned. The claim under consideration also provides for apertures in the bill holders, with bill clamps mounted oppositely on both sides of the bill holders, and having members extending through the apertures to opposite sides thereof. In the defendant's device, the ends of the bill clamps or clips are not passed through apertures in the bill holders, but through apertures in the rubbing strips or partitions. Hence it appears that the rubbing strips in this device perform not the same but a different function from that which they perform in the complainant's. The whole case has been carefully considered, with the result that other material differences in the devices have been found to exist, which, however, it is not deemed necessary to specially set forth or consider. It is sufficient to say that the defendant's device does not infringe the claims in suit.

Accordingly, the decree of the court below is affirmed, with costs.