BERGER MFG. CO. v TRUSSED CONCRETE STEEL CO.

(Circuit Court of Appeals, Sixth Circuit. October 10, 1918.)

No. 3057.

PATENTS ⚙═328—VALIDITY—STUDDING AND METAL LATH COMBINATION.
    The Caldwell patent, No. 682,316, for a studding and metal lath combination, held invalid, as involving elements developed in the prior art.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; John H. Clarke, Judge.

Suit in equity for the infringement of a patent by the Berger Manufacturing Company against the Trussed Concrete Steel Company. From a decree dismissing the bill, plaintiff appeals. Affirmed.

Harry Frease, of Canton, Ohio, for appellant.
W. F. Guthrie, of Youngstown, Ohio, for appellee.

Before WARRINGTON and DENISON, Circuit Judges, and WALTER EVANS, District Judge.

PER CURIAM. The District Court held invalid, for lack of invention, the patent issued September 10, 1901, to Caldwell, for a studding and metal lath combination, No. 682,316, and dismissed the bill which the Berger Company, the owner of the patent, had brought against the defendant. Plaintiff appeals.

The patented structure is sufficiently indicated by the claim in suit:

"A building construction comprising perforate metallic lathing and a stud of malleable metal with flat prongs formed thereon and therefrom by making perforations in the flat portion of the metal strip so that the prongs are supported at one end and have metal on each side of them, projecting through perforations in the lathing and bent over the latter so as to clench same."

It must be conceded that the complete combination specified in the claim is not precisely anticipated, that it possessed commercial utility, that it has gone into considerable use, and—more important than all —that metallic studs or supports and metal lath had been used in combination for a number of years and fastened together in different ways without adoption by any one of the specific methods of fastening here disclosed. These considerations make strongly in favor of patentabil-

---

⚙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ity; but we are compelled to think that they are not sufficient to overcome the conclusions necessarily resulting from the state of the art.

It is clear that sheet metal supports in the form of studding or furring had been used to carry perforate metal lathing long before Caldwell's alleged invention. The two had been fastened together by separate wire fastenings and by several other different methods. It is clear, also, from the record that it was a common expedient to attach things to be carried by sheet metal support to that support by cutting out and striking up a prong from the support and then bending it back over the part carried. The record shows that this expedient had been used under a great variety of conditions. One of the older instances of such use of this attachment was to make the fastening between a tubular sheet metal fence post and the supported fence wire. To use this same method of fastening to carry one or two strands of a metal lathing, instead of to carry one fence wire, we think cannot be considered to involve invention. It is as if common wooden lath had always been attached to wooden studding by screws, and some one observed that to nail them on as fence boards are nailed to a fence post made a quicker and better method of fastening. The fact that Caldwell used a support with a flat surface, and thereby got a little better binding effect on both sides of his prong than when the surface was round cannot turn the scale in favor of the patentee's contention.

The principles involved and the controlling conditions are so familiar and their application is so wholly a matter of judgment that it seems unnecessary to go into the question more fully.

The decree is affirmed.