**EXCELSIOR STEEL FURNACE CO. v. WILLIAMSON HEATER CO.**

(Circuit Court of Appeals, Sixth Circuit. January 9, 1923.)

No. 3719.

**1. Patents ⬤➾328—1,026,607, for connection for hot-air pipe, void for lack of invention.**

The Scherer patent, No. 1,026,607, for a connection for hot-air pipe, *held* void for lack of invention.

**2. Patents ⬤➾26(2)—Joining together old elements without new functions not invention.**

The selecting and putting together of the most desirable parts of different devices in the same art, making a new structure, better than any which preceded it, but in which each part operates in substantially the same way as in the old and effects substantially the same result, is not patentable invention.

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; John W. Peck, Judge.

Suit in equity by the Excelsior Steel Furnace Company against the Williamson Heater Company. Decree for defendant, and complainant appeals. Affirmed.

Suit for infringement of patent. Plaintiff appeals from a decree finding the claim in issue invalid for want of patentable invention. The following is the opinion of District Judge Peck:

"Bill in equity to enjoin the infringement of claim 5 of the patent to Albert C. Scherer, No. 1,026,607, May 14, 1912, for a connection for sections of hot-air pipe. The answer denies invention, novelty, and infringement; avers anticipation, estoppel by file wrapper history, and misrepresentation and conceal-

ment in procuring the patent. The subject-matter of this patent is a connection for hot-air pipe, that shown in the drawing being a section adapted to connect the round pipe of a furnace usually found in the basement of a house heated by hot air with the rectangular pipe ordinarily concealed in the wall.[1] It was old to make such a connection by means of a round pipe having a rectangular end cut away at the corners, with S-hooks attached by diagonal crimping to form pockets into which the next section of pipe could·be fitted. To this well-known construction, which constitutes all but one element of the claim in question, the patentee added notches in the S-hooks, and thus completed his claim. The purpose stated for the notches is that of exposing to view from without a portion of the interior and adjoining section of pipe when in position. In this respect the notches perform no useful function, as the adjoining section is quite visible at the corners and ends without them. Their real purpose was to admit of the insertion of corresponding tongues cut in the material of the connecting·section, which tongues, when turned back, would hold the sections firmly together. The notched S-hooks, as a means of joining pipe sections, were also old. They are found to be described in Smith's patent of November 24, 1896, upon a stovepipe. Smith's invention seems to be workable, despite plaintiff's claim to the contrary. A similar fastening by means of the notched S-hook had long been used by the Whittaker-Glessner Company, of Wheeling—in a reversed position, however—for preventing the collapse of stovepipe. What Scherer did, therefore, was to take an ancient form of connecting section for hot-air pipe, bearing S-hooks, and add thereto equally ancient notches in those hooks, for fastening the next section. It was a combination of old elements. Each element worked just as it had before. Neither added to the former function or effect of the other. In combination, they had no new function or result. It was a well-chosen selection of the several elements from the existing art without co-ordinate action, and therefore not patentable invention. Edwards v. Dayton Mfg. Co., 257 Fed. 980, 169 C. C. A. 130; Huebner-Toledo Breweries Co. v. Matthews Gravity Carrier Co., 253 Fed. 435, 165 C. C. A. 177; Elite Mfg. Co. v. Ashland Mfg. Co., 235 Fed. 893, 149 C. C. A. 205. It is concluded that the bill must be dismissed at plaintiff's costs."

Benjamin T. Roodhouse, of Chicago, Ill. (John A. Brown, of Chicago, Ill., and Wm. F. Madden, of Cincinnati, Ohio, on the brief), for appellant.

Walter F. Murray, of Cincinnati, Ohio, for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. [1] In our opinion the decree of the district court is clearly right. It is not denied that the art prior to Scherer showed, not only every element of the claim in suit, but all the elements except the last (the notches) in combination. It is not of substantial importance that the Smith prior patent disclosure and the Wheeling prior use of the notch feature were applied to round pipe, rather than, as by Scherer, to rectangular pipe; nor that, in one form of the Wheeling

[1] Claim 5 (not quoted in the district judge's opinion) reads thus: "5. A connection for hot-air stack·comprising a pipe having an area at one end of rectangular cross-section, the corners adjacent the ends being·split and cut away, pieces of metal folded over and secured to the ends of said pipe upon two opposite sides by crimping the fold and the end included therein diagonally, said pieces of metal being extended on the outside of said pipe beyond said crimped portion, said extended portion being folded back upon itself to form pockets having notches in the bottom thereof adapted to expose to view from the outside of the pipe a portion of the adjoining section when in position within said pockets."

structure, in bending the tongues through the notches, the room for manipulation was restricted. The uses were in the same art, and in our opinion the application of the existing notch feature to rectangular pipe involved only mechanical skill, even if of a high order—a conclusion not substantially weakened by the lapse of time between the Smith and Scherer disclosures. Scherer was thus not the first to dispense with soldering in the general art to which his patent belongs.

[2] The question of aggregation aside, we think the case falls squarely within the rule that the selecting and putting together, even by the exercise of a high degree of mechanical skill, of the most desirable parts of different devices in the same art, making a new structure, though better than any which preceded it, but in which each part operates in substantially the same way as in the old and effects substantially the same result, is not patentable invention. Railroad Supply Co. v. Elyria Iron Co., 244 U. S. 285, 37 Sup. Ct. 502, 61 L. Ed. 1136.

The judgment of the District Court is affirmed.