## ADAMS et al. v. GALION IRON WORKS & MFG. CO.

District Court, N. D. Ohio, E. D. February 10, 1928.

No. 2166.

Schley & Trask, of Indianapolis, Ind., and Kwis, Hudson & Kent, of Cleveland, Ohio, for plaintiffs.

Day & Day, of Cleveland, Ohio, and Frederick S. Stitt, of Washington, D. C., for defendant.

WESTENHAVER, District Judge. This is a patent infringement suit. Plaintiff declares on two United States letters patent: First, 1,133,251, issued to Roy E. Adams, March 30, 1915; and, second, reissue 16,-200, issued to Joseph D. Adams and others, November 3, 1925. Of the first patent, claims 5, 6, 9, 12, 15, 20, 22, 23, 26, 31, 32, 35, 38, and 41 only are put in issue. As to the second patent, claims 9, 13, and 15 only are put in issue. As to the first, the defenses are invalidity and noninfringement; as to the second, defendant admits infringement, but contests validity. No issue is made as to plaintiffs' title.

Patent 1,133,251 will be first considered. The invention of this patent is for the familiar device known as a road grader. The art of graders was old and highly developed at the time this patent was applied for. It has been investigated before me several times in other cases. The state of the prior art is not in dispute. It is fully disclosed by United States letters patent introduced in evidence. Nor is there any dispute between the parties as to the disclosures of that art. The dispute is as to whether what Adams did is entitled to rank as an invention. This issue was as clearly developed and as sharply defined in the Patent Office as it is before me. The Primary Examiners consistently held that Adams had contributed nothing new, and that, in the aspect most favorable to him, all that he had done was to select and combine, in one grader, elements found in preexisting graders, thereby merely producing an aggregation, rather than a patentable combination. On appeal, the Examiners in Chief unanimously agreed with the Primary Examiner. On a further appeal, Assistant Commissioner of Patents J. T. Newton, weighing the same considerations, came to a different conclusion upon the issue of invention, and passed the patent to issue. Furthermore, the art considered in the Patent Office was as pertinent as any now presented. Thus it appears that, upon a case practically the same as now made, four Patent Office officials, as against one, reached the conclusion that invention was not shown. In this respect the case parallels that with which I had to deal in Langslow-Fowler Co. v. Cleveland Seating Co., decided February 12, 1923, affirmed (6 C. C. A.) 299 F. 304. In that case I disagreed with the same Assistant Commissioner and agreed with the Primary and Examiners in Chief. In the present case my views accord with the views of the Examiners.

All road graders embody certain common elements. They have a pair of front wheels and a pair of rear wheels, a connecting frame, and a mold board carried by that frame. Starting with these common elements, the efforts of inventors have been directed to counterbalancing lateral thrusts, or eliminating side draft, and varying the relation between the paths of the grader wheels and the dirt-shifting mold board. To accomplish these ends, Adams makes one of the axles, preferably the rear axle, shiftable transversely of the grader frame, and also skewable to different angles about an axis transverse to the plane of the grader frame, and also makes the wheels, preferably both sets, vertically tiltable relatively to the axles. In soliciting his patent, all three features in combination were stressed, viz. the transverse shiftability of the axle, skewability of the axle to different angles,

and tiltability of the various wheels. In the claims declared on, the element of skewability is eliminated, and the claims limited to shiftable axles and tiltable wheels. Defendant's structure, charged to infringe, likewise has not present the element of skewability. Except as may be implied from the award of the claims in issue, a patentable combination, limited merely to shiftable axles and tiltable wheels, was never distinctly considered by any of the Patent Office officials. Hence a doubt is suggested whether Adams could have procured a patent, if he had limited his structure to the two features now involved.

Be that as it may, it is admitted that all these features and elements were old in the art. Road graders with tiltable rear wheels, graders with both front and rear wheels tiltable independently of each other, graders with tiltable wheels and with single axles, or merely stub or half axles, or frames without axles, graders with axles or frames shiftable transversely, both with respect to the front and rear axle, and graders with axles skewable to different angles about an axis transverse to the plane of the grader frame, all are fully disclosed in the prior art. In all the old devices these several elements were adopted for the same purpose as in the patent in suit. They performed in the combination where found precisely the same functions and realized the same advantages. It does not appear that they accomplish any new function, or that they perform the old function in any materially different or better way in the present combination. Moreover, in Adams, 1,014,989, is disclosed a road grader with the frame transversely shiftable with respect to the front axle, and also with respect to the rear wheels, and in which the rear wheels are vertically tiltable. This is the precise disclosure of claims 20 and 26 of the patent in suit.

As to the remaining claims in issue, the only distinguishable feature is the absence of a rear axle, the rear wheels being carried by independent short axles disposed in the frame. It is questionable whether there is any difference between an axle transversely shiftable with respect to the frame and a frame transversely shiftable with respect to the wheels; indeed, it is not too much to say that the description of the patent in suit of the rear axle as transversely shiftable is inaccurate, since what really takes place is that the frame is transversely shifted with respect to the wheels. All that Adams did over patent 1,014,989 was to provide a single axle for both rear wheels, in lieu of the crosspiece on which the frame is transversely shifted, and mount the shifting mechanism on that axle instead of on the crosspiece. All that the patentee claims to have done over the prior art is to bring into a single combination the tiltable wheels transversely shiftable and the skewable axle of existing road graders. All these elements, it is admitted, existed, but it is asserted that no single prior grader embodied all three.

Limiting my conclusion on the issue of validity to the claims now in issue, I am of opinion that invention is not present, and that these claims were improvidently granted. This conclusion is supported by well-settled principles of patent law. One principle is well expressed in Brown Hoisting & Conveying Mach. Co. v. King Bridge Co. (6 C. C. A.) 107 F. 498, as follows: "The mere bringing together of elements selected from old machines to perform the same functions which they severally performed in the machines from which they were taken, and producing the same result, is not invention."

It is upon this principle that the conclusion of the Examiners in Chief was rested. In their opinion is used the following language, in which I concur: "So far as the tilting of the wheels to take up the lateral reaction of the scrapings upon the scraper is concerned, the combination is between the obliquely arranged scraper and the tilting wheels, and is admittedly old. When this old construction is added to the old combination of pivoted laterally adjustable axles, we get the sum of the possibilities and results which attended the separate use of these constructions."

That a mere aggregation, and not a patentable combination, results is further sustained by the following cases: Hailes v. Van Wormer, 20 Wall. 353, 22 L. Ed. 241; Reckendorfer v. Faber, 92 U. S. 347, 23 L. Ed. 719; Slawson v. Grand Street R. R., 107 U. S. 653, 2 S. Ct. 663, 27 L. Ed. 576; Richards v. Chase Elevator Co., 158 U. S. 299, 15 S. Ct. 831, 39 L. Ed. 991, on rehearing, 159 U. S. 477, 16 S. Ct. 53, 40 L. Ed. 225; Burnham v. Union Mfg. Co. (6 C. C. A.) 110 F. 765.

Another principle upon which this conclusion might well be rested is stated in Huebner-Toledo Breweries Co. v. Mathews Gravity Carrier Co. (6 C. C. A.) 253 F. 435, by Judge Warrington in these words: "It is said that appellee's carrier is not anticipated by any single patent; but it is not

necessary to show complete anticipation in a single patent. The selection and putting together of the most desirable parts of different machines in the same or kindred art, making a new machine, but in which each part operates in the same way as it operated before and effects the same result, cannot be invention; such combinations are in the nature of things the evolutions of the mechanic's aptitude rather than the creations of the inventor's faculty.''

Further, in Excelsior Steel Furnace Co. v. Williamson Heater Co. (6 C. C. A.) 286 F. 131, it is said: ''The question of aggregation aside, we think the case falls squarely within the rule that the selecting and putting together, even by the exercise of a high degree of mechanical skill, of the most desirable parts of different devices in the same art, making a new structure, though better than any which preceded it, but in which each part operates in substantially the same way as in the old and effects substantially the same result, is not patentable invention.''

Numerous other cases to the same effect and compelling the same conclusion may be cited, of which the following are typical: Berger Mfg. Co. v. Trussed Concrete Steel Co. (6 C. C. A.) 257 F. 741; Van Dorn Iron Works Co. v. Mathis Bros. Co. (6 C. C. A.) 260 F. 400; Package Mach. Co. v. Johnson Automatic Sealer Co. (6 C. C. A.) 246 F. 598; A. Schrader Son v. Dill Mfg. Co. (6 C. C. A.) 262 F. 504; Vandenburgh v. Truscon Steel Co. (6 C. C. A.) 277 F. 345; Hug v. Lakewood Engineering Co. (D. C.) 291 F. 892; Elite Mfg. Co. v. Ashland Mfg. Co. (6 C. C. A.) 235 F. 893.

My conclusion is that claims 20 and 26 are fully anticipated by Adams 1,014,989, and that all the remaining claims in issue, calling merely for a grader having an axle with all or some of the wheels tiltable, are invalid for lack of invention.

Defendant further urges that its grader does not infringe, in that it has no transversely shiftable rear axle. Defendant's grader is made pursuant to and embodies the disclosures of United States letters patent 1,655,303, issued to F. E. Arndt January 3, 1928. As a mere matter of language, defendant's contention seems to be true. But, as already pointed out, the patented device has not in fact a shiftable rear axle, but merely a rear axle with appliances thereon whereby the frame may be shifted with respect to the wheels. If the broad combination of the patent in suit were so far novel as to be valid, there would be such equivalency between the two that in-fringement could not be avoided, even though Arndt might be valid as an improvement patent. Likewise, if the patent in suit were limited, as is Arndt or Adams, 1,-014,989, to the specific means whereby the frame or axle were transversely shiftable claims so limited might be sustained as valid. But the claims in issue are not so limited. As phrased, they were intended to cover and do cover a combination which, for reasons already stated, runs back into the prior art and is invalid. It is not possible to give them a construction which would limit them to the patentee's specific means for obtaining shiftability and tiltability.

■ Reissue patent 16,200 is for a ditch former or bank sloper. It consists merely of an addition to the standard mold board of the familiar road grader. The bottom edge of this extension conforms to the contour of the ditch. The extension is also adjustably attached to the mold board, so that it may be set rigidly at the proper bank-sloping angle. In substance, the invention is nothing except a prolongation of the mold board.

The patented art adequately discloses this conception in various forms. In addition, the oral evidence is entirely satisfactory that the conception as applied to a road grader was not novel or original with Adams. The patentee admits that an extension of the mold board for this purpose was brought to his attention by others before he made his invention, and that plaintiffs made and sold mold boards with an extension in that form. The only dispute is whether or not the extension was adjustable vertically with respect to the mold board. The patentee testifies that the extension made and sold by the plaintiff was rigidly connected, without any means for adjustability, whereas the other witnesses say that there were such means and describe them.

I deem it unnecessary to make any specific finding on this issue of fact. In any event, all that Adams did was to provide means for adjustability, and either add to or merely strengthen the means connecting the bank sloper with the grader frame. In view of the patent art, and the patentee's admissions as to the state of the industrial art, it is plain that no invention was involved in perfecting and developing the specific means of the patent in suit for procuring adjustability and strengthening the connection of the bank sloper with the grader frame. All the claims in issue are invalid for want of invention.

228

It results from these views that the plaintiffs' bill should and will be dismissed, at their costs.